IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff.<br><br>　v.<br><br>EVERETT ALLEN ROBINSON,<br><br>　　　　Defendant. | No. CR 07-00253 SBA<br><br>**ORDER**<br><br>[Docket No. 3] |

This matter comes before the Court on the United States' Appeal of the Magistrate's Pre-Trial Release Order for Defendant Everett Allen Robinson [Docket No. 3]. Having read and considered the papers filed in connection with this Appeal, the Court considers this matter appropriate for resolution without a hearing. The Court hereby DENIES the United States' Appeal for the reasons set forth herein.

**BACKGROUND**

Defendant is charged in an indictment with conspiracy to commit armed bank robbery, attempted armed bank robbery, and brandishing a firearm in relation to a crime of violence. On March 21, 2007, Defendant and an unindicted co-conspirator entered the Bank of America branch in Orinda, California, armed with a shotgun and handgun, and ordered bank patrons and employees to get onto the ground. Defendant brandished a shotgun and stood over bank patrons on the floor. In the midst of the attempted robbery, a female victim arrived at the bank to withdraw money. When she saw people on the ground, she attempted to flee the bank but was grabbed by Defendant by the arm, who pointed his gun at her and forced her onto the ground. Defendant and his unindicted co-conspirator's attempt to access the bank vault failed because bank employees locked themselves into the vault. Defendant and his co-conspirator threatened to kill the employees if they did not come out, but when the employees refused, Defendant and his co-conspirator fled the bank.

Defendant was ultimately apprehended when he tried to escape his vehicle on foot in Richmond after a pursuit. Officers located a large empty duffle bag and an unloaded shotgun in the Defendant's vehicle. In subsequent interviews, Defendant admitted to participating in the attempted robbery, but concocted an implausible story, which he repeatedly revised under questioning, about being kidnaped and forced to participate in the attempted robbery against his will.

On May 2, 2007, Defendant appeared before Magistrate Judge Brazil for a detention hearing following Defendant's motion for pre-trial release. The Government moved for detention on the grounds that Defendant is presumed as a matter of law to be a danger to the community and a flight risk. Pre-trial Services recommended release on a $100,000 unsecured bond. Judge Brazil ordered that Defendant be released to a halfway house following the posting of a $200,000 unsecured bond signed by five individuals. The Government immediately requested that the order be stayed pending the filing of an appeal. The Government filed the instant appeal on May 3, 2007.

## **LEGAL STANDARD**

If a person is ordered released by a magistrate judge, the attorney for the Government may file, with the Court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. 18 U.S.C. § 3145 (a). Motions to review or to amend bail orders by magistrate judges are reviewed de novo. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990).

The Bail Reform Act requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *Id.* at 1406; *United States v. Kouyoumdjian*, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *Id.* at 1405. However, in cases involving brandishing of

1 a firearm in connection with a crime of violence[1], the Act establishes a rebuttable presumption that a
2 defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e). That presumption
3 exists if there is "probable cause" that the defendant possessed a firearm in connection with a crime of
4 violence in violation of Section 924(c). 18 U.S.C. § 3142(e). A grand jury indictment suffices to
5 establish "probable cause" under 18 U.S.C. § 3142. *United States v. Vargas*, 804 F.2d 157 (1st Cir.
6 1986). Once the presumption is triggered, the defendant has the burden of producing or proffering
7 evidence to rebut the presumption. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). However,
8 the defendant only has the burden of producing rebutting evidence, not the burden of persuasion. *United*
9 *States v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992).

10 If the defendant proffers evidence to rebut the presumption, the Ninth Circuit has identified
11 several factors that the Court must take into account when determining whether pretrial detention is
12 appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence
13 against the person; (3) the history and characteristics of the person, including his character, physical and
14 mental condition, family ties, employment, financial resources, length of residence in the community,
15 community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record
16 concerning appearance at court proceedings, and (4) the nature and seriousness of the danger to any
17 person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*,
18 767 F.2d at 1407.

### DISCUSSION

20 The Government argues that Defendant has failed to rebut the legal presumption that he is a
21 danger to the community and a flight risk. The Government's appeal rests primarily on two arguments:
22 1) that the nature and seriousness of the crime are so grave that there is essentially nothing that could
23 rebut the presumption that he is a danger to the community, and 2) the fact that he has no employment
24 history and that the $200,000 bond is unsecured establishes that he is a flight risk. Defendant argues that
25 he is neither a danger to community nor a flight risk, pointing out that Defendant is only 20 years old,
26 has no criminal record of any sort, and has strong family and community ties. In support of his

---

[1] Attempted armed bank robbery under 18 U.S.C. § 2113(a) & (d) constitutes a crime of violence. *See* 18 U.S.C. § 924(c)(3).

3

opposition to the appeal, Defendant included letters from 18 individuals on Defendant's behalf urging the Court to release Defendant.

The Court analyzes the factors enumerated in 18 U.S.C. § 3142(g) as follows.

### 1. Nature and Circumstances of the Charge

The Government argues that this factor weighs heavily in favor of detention. The grand jury has indicted Defendant for conspiring to commit armed bank robbery, attempted armed bank robbery, and brandishing a firearm in connection with this crime of violence. Defendant has admitted to participating in the robbery, brandishing the shotgun, and fleeing from police. In addition, the Government argues, Defendant faces a mandatory minimum sentence of 7 years. Thus, the Government argues, the serious nature of the charges shows that Defendant is a danger to the community and a flight risk.

The Government's sole argument that Defendant is a danger to the community is based on the nature of the crime; the Government presents no independent indicia of dangerousness. Here, Defendant terrorized numerous individuals in the bank and in fact physically restrained someone who tried to escape. However, it also appears, given the temporal proximity to the crime in which the police apprehended Defendant and searched his getaway vehicle, that the shotgun was not loaded (*see* Appeal at 3:13-15 (citing Exhibit B)) and therefore Defendant did not actually present the danger he appeared to present, as the bank patrons were not actually in danger of being shot by Defendant. Nevertheless, this factor weighs in favor of detention

### 2. Weight of the Evidence

Defendant admitted to participating in and brandishing a gun in connection with the robbery, albeit in the context of an implausible tale stating that Defendant was kidnaped and forced to participate against his will. Accordingly, the weight of the evidence militates in favor of detention.

### 3. Defendant's History and Characteristics

The Government argues, unconvincingly, that because Defendant has no criminal record and has never served time in jail, the prospect of many years in jail constitutes a strong incentive to flee from prosecution. This illogical proposition is meritless; a defendant with an extensive criminal history has at least as much, if not more incentive to flee to avoid imprisonment as one with no history, as is the case here, and the Government's sophistical argument is essentially a concession that this factor weighs

4

in favor of release.

Defendant has no prior convictions nor any juvenile adjudications and his not lived a criminal lifestyle; he has lived either with his parents or his girlfriend (the mother of his child), has a high-school diploma and appears to have lived as an unremarkable but well-liked member of the community. Numerous family friends and the parents of his school friends have attested to his good character and positive personal qualities. Additionally, Defendant points out that in light of the fact that he only completed his high school coursework last year, his employment history is of limited significance. Moreover, Defendant argues that the record reflects, contrary to the Government's statement that Defendant has no record of employment, that he held summer jobs at Albany Bowl while in high school and, since graduation, has been employed for several months at various jobs, including casual work for the United States Post Office. Accordingly, this factor weighs in favor of release

### 4.    **Dangerousness to the Community**

The Government argues that Defendant poses a serious danger to the community were he to be released because, as evidenced by the Defendant's lack of employment history and the seriousness of the offense in this case, Defendant has demonstrated that he cannot conform his conduct to the law. The Court finds unpersuasive the argument that a lack of employment history is evidence of an inability to conform one's behavior to the law. Nor is the Court persuaded by the Government's argument that because the halfway house is not a secure facility and provides its residents with unsupervised access to the community, such a facility cannot prevent Defendant from committing more crimes as there is "nothing to stop him from simply walking out of the halfway house and committing more robberies." Appeal at 7-8. However, this argument applies to anyone housed in a halfway house, and the Government has offered nothing to indicate that Defendant is likely to leave the halfway house and commit more crimes. To the contrary, the bulk of the evidence presented here would suggest otherwise. Accordingly, this factor weighs in favor of release.

### 5.    **Flight Risk**

The Government argues that a $200,000 unsecured bond, which was signed by both of Defendant's (divorced) parents as well as his aunt and grandmother, is insufficient to prevent Defendant from fleeing. The Government argues that the unsecured nature of the bond provides Defendant with

no incentive not to flee and commit more crimes to pay back the sureties of the bond. The Defendant points to his strong community ties, as evidenced by the fact that five people signed the bond, in support of his claim that there is no indication that he is a flight risk. As noted above, the Government has provided nothing beyond a generalized argument that theoretically applies to all defendants released before trial to argue that Defendant is a flight risk. This factor weighs in favor of release.

### 6. Factors as a Whole

In essence, the Government's sole argument is that the serious nature of the alleged crime requires that Defendant not be released. The Government has presented no evidence that, other than the behavior associated with the crime, the Defendant has ever exhibited any dangerous characteristics or exhibits flight tendencies. Moreover, the Government's arguments related to flight risk apply equally to *all* defendants released on bail, and is not particularly persuasive in this case.

This is a somewhat unusual case. The Court is faced with a Defendant who, while admittedly involved in an extremely serious crime of (potential) violence, has, other than the instant crime, demonstrated absolutely no propensity for criminal behavior. If this is not a case in which a defendant has successfully rebutted the presumption that he is a danger to this community and a flight risk, it is hard to imagine what would be. As the Government bears the burden of persuasion, and given that the Ninth Circuit has held that release should be denied "only in rare circumstances" and that doubts regarding the propriety of release should be resolved in the defendant's favor, the Court finds that the factors discussed above militate in favor of release.

### CONCLUSION

IT IS HEREBY ORDERED THAT the United States' Appeal of the Magistrate's Pre-Trial Release Order [Docket No. 3] is DENIED.

IT IS SO ORDERED.

Dated: 5/23/07

SAUNDRA BROWN ARMSTRONG
United States District Judge